1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DISTRICT**

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC, a Delaware Company, Koninklijke Philips N.V., a Company of the Netherlands, and Philips India Ltd., an Indian Company,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>JOHN VARTANIAN, an individual; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | **[DISCOVERY MATTER]**<br><br>Case No.: 2:22-cv-07469-JVS-JDE<br><br>*[Hon. John D. Early]*<br><br>**STIPULATED PROTECTIVE ORDER** |

　　Based on the Stipulation of Defendant John Vartanian ("Defendant") and Plaintiffs Philips North America LLC, a Delaware Company, Koniklyjke Philips N.V., a Company of the Netherlands, and Philips India Ltd., an Indian Company (collectively, "Plaintiffs"), and for good cause shown, the Court enters the following protective order ("Order") pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.      Findings: The Court finds that discovery in this action may involve trade secrets or confidential research, development, or commercial information, the disclosure of which is likely to cause harm to the Producing Party.

2.      Scope: All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom shall be subject to this Order concerning Confidential, Highly Confidential, or Highly Confidential-Source Code, as defined below in paragraph 3. This Order is subject to and does not supersede the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3.      Definitions:

a.      "Party" means a named party in this case, and "Parties" mean all named parties in this case. "Person" means an individual or an entity. "Producer" or "Producing Party" means a Person who produces information via the discovery process in this case. "Recipient" or "Receiving Party" means a Person who receives information via the discovery process in this case.

b.      "Designated Material" means information designated Confidential, Highly Confidential, or Highly Confidential–Source Code. "Designating Party" means the Person designating any information as Designated Material.

c.      "Confidential" information is information concerning a Person's confidential or proprietary business operations, processes, and/or technical and development information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

d.      "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure that is current or future business or technical trade secrets or competitively sensitive business or personal

information more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position.

e. "Highly Confidential–Source Code" information is Highly Confidential information containing or substantively relating to (1) confidential, proprietary, and/or trade secret source code or technical design documentation, including computer code, scripts, assembly, object code, source code listings; (2) descriptions of source code, descriptions of object code and object code listings; and (3) human-readable programming language text that defines software, and/or firmware. "Highly Confidential–Source Code" further includes the text of any comments associated with any of the foregoing, configuration files controlling firmware and/or software functionalities, and any files containing any of the foregoing. "Highly Confidential–Source Code" includes any text written in any high-level programming language defining firmware and/or software functionalities implemented on an integrated circuit, files containing text written in C, C++, C#, Objective C, MATLAB, assembly language and macros, digital signal processor (DSP) programming languages, and other programming languages. "Highly Confidential–Source Code" further includes any "include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of firmware or software directly executed on a microprocessor, micro-controller, or DSP.

f. Information is not Confidential, Highly Confidential, or Highly Confidential–Source Code if it is disclosed in a printed publication distributed or made available to the public without violation of any legal obligation, is known to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order or other legal obligation. Information is likewise not Confidential, Highly Confidential or Highly Confidential–Source Code if a Person lawfully obtained it independently of this litigation.

/ / /

4.     <u>Designation of information as Confidential or Highly Confidential</u>:

a.     A Person's designation of information as Confidential, Highly Confidential, or Highly Confidential–Source Code means that the Person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b.     A Person designates information in a document or thing as Confidential, Highly Confidential or Highly Confidential–Source Code by clearly and prominently marking it on its face as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–SOURCE CODE." A Person can designate any natively-produced information by including the designation on a cover sheet or placeholder document for the native file. A Producer may make documents or things containing Confidential, Highly Confidential, or Highly Confidential–Source Code information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential, Highly Confidential, or Highly Confidential–Source Code before providing copies of such documents to the Recipient.

c.     A Person designates information in deposition testimony as Confidential, Highly Confidential, or Highly Confidential–Source Code by stating on the record at the deposition that the information is Confidential, Highly Confidential, or Highly Confidential–Source Code or by advising the opposing Party and the stenographer and videographer in writing, within twenty (20) days after receipt of the deposition transcript, that the information is Confidential, Highly Confidential, or Highly Confidential-Source Code.  Unless otherwise agreed to by the Parties, all deposition testimony shall be deemed Highly Confidential until twenty days after receipt of the deposition transcript by the Party being deposed, except that any portions designated as Highly Confidential-Source Code shall maintain such designation.

/ / /

      d.    The inadvertent failure to designate any information as Confidential, Highly Confidential, or Highly Confidential-Source Code will not be deemed to waive a later claim as to its confidential nature, or to stop the Producing Party from designating such information at a later date in writing and with particularity. Any Person that inadvertently or unintentionally produces information without designating it as Designated Material may request destruction of the inadvertently or unintentionally produced information by notifying the Recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing the other Party with a replacement that is properly designated within three (3) business days of such notice. The Receiving Party shall then destroy all copies of the inadvertently or unintentionally produced information and any documents, information, or material derived from or based thereon. The information shall be treated by the Receiving Party in accordance with the designation identified by the Producing Party, whether Confidential, Highly Confidential, or Highly Confidential-Source Code, from the time the Receiving Party is notified in writing of the change in the designation.  A Person's failure to designate a document, thing, or testimony as Confidential, Highly Confidential, or Highly Confidential–Source Code does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

      e.    A Person who has designated information as Confidential, Highly Confidential, or Highly Confidential–Source Code may modify or withdraw the designation by written notification to the Parties in the case.

      f.    Any Party to whom information designated Confidential, Highly Confidential or Highly Confidential–Source Code is produced may object at any time during the pendency of this action to such designation, subject to any Scheduling Order.  Moreover, compliance with this Order shall not be construed in any way as an admission or agreement by any Party that the designated disclosure constitutes or contains any trade secret or confidential information of any other Party or witness.  No

Party is obliged to challenge the designation of any material at the time of receipt, disclosure, or designation thereof, and a failure to challenge the propriety of any Confidential, Highly Confidential, or Highly Confidential–Source Code designation by any other Party or witness shall not constitute a waiver or in any way preclude a subsequent challenge in this Action to the propriety of such designations.

g. In the event that a Party or non-Party to this lawsuit raises an objection to a Designating Party's Confidential, Highly Confidential, or Highly Confidential–Source Code designation, such objection shall be made in writing to counsel for the Designating Party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation pursuant to Local Rule 37-1. The Designating Party bears the burden of proof concerning confidentiality by a preponderance of the evidence. If the Parties cannot resolve a challenge without court intervention, the Parties must prepare a joint stipulation pursuant to the procedures described in Local Rule 37-2. The information shall remain subject to the Producer's Confidential, Highly Confidential or Highly Confidential–Source Code specific designation of the Designating Party until the Court rules on the dispute. A Party's failure to contest a designation of information as Confidential, Highly Confidential, or Highly Confidential–Source Code is not an admission that the information was properly designated as such.

5. <u>Use and Disclosure of Confidential or Highly Confidential Information</u>:

a. Information designated as Confidential, Highly Confidential, and Highly Confidential-Source Code information may be used exclusively for purposes of this litigating this Action and shall not be used for any other purpose, subject to the restrictions of this Order. No Person who obtains access to Designated Material or the contents thereof pursuant to this Order shall make any copies, duplicates, extracts, excerpts, summaries, or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. All copies, duplicates, reproductions, extracts, excerpts, digests, descriptions, and

complete or partial summaries containing or prepared using information designated Confidential, Highly Confidential, or Highly Confidential-Source Code will be considered the corresponding designation of the information and treated as such under this Order.

   b. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Confidential information to any Person other than the following: (i) a Party's outside counsel of record in this action, including employees or colleagues of such counsel assigned to and reasonably necessary to assist such counsel in litigating this Action (collectively, "Outside Litigation Counsel"); (ii) Philips' Designated In-House Counsel, Doug McKnight; (iii) an individual Party or a corporate Party's officers, and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 5(d) of this order, experts and consultants and their staff whom a Party employs for purposes of this litigation only; (vi) the Court and personnel assisting the Court; (vii) Persons that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits and demonstrations; organizing, storing, retrieving data in any form or medium; jury or trial consultants retained in connection with this litigation, including any research panelists retained by the consultant; etc.) and their employees and subcontractors; and (viii) any mediator or settlement officer who is assigned by the Court or mutually agreed upon by the Parties.

   c. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential information to any Person other than those identified in paragraph 5(b)(i), (ii), (iv), (v), (vi), (vii), and (viii).

   d. A Party may not disclose Confidential, Highly Confidential, or Highly Confidential–Source Code information to an expert or consultant pursuant to

paragraph 5(b), 5(c) or 6 of this Order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order.  At least seven (7) days before the first disclosure of Confidential, Highly Confidential, or Highly Confidential–Source Code information to an expert or consultant (or member of their staff), the Party proposing to make the disclosure must serve the Producer with a written identification of the expert or consultant, a copy of his or her curriculum vitae, a list of current business or consulting affiliations, and a history of consulting or expert work in the last 5 years.[1]  If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within seven (7) days after service of the identification.  If the Parties are unable to resolve the dispute within seven (7) days after service of the objection, the Party proposing to make the disclosure must move the Court for a ruling, and the Confidential, Highly Confidential or Highly Confidential–Source Code information may not be disclosed to the expert or consultant without the Court's approval.  The Party objecting to such disclosure shall have the burden of proof with respect to any motion with respect to that objection.

    e.  Notwithstanding paragraph 5(b) and (c), a Party may disclose Confidential, Highly Confidential, or Highly Confidential–Source Code information to: (i) any current employee of the Producer who had legal access to the Confidential, Highly Confidential, or Highly Confidential–Source Code information; (ii) any person, no longer affiliated with the Producer, who authored the information in whole or in part or who had legal access to the Confidential, Highly Confidential, or Highly Confidential–Source Code information while affiliated with the Producer and who executes an undertaking in the form of Appendix 1 of this Order; and (iii) any Person

---

[1] If the expert or consultant believes any of this information is subject to a confidentiality obligation to a third-party, then the expert or consultant should provide whatever information can be disclosed without violating any confidentiality obligation, and the Party seeking to disclose information to the expert or consultant shall be available to meet and confer with the Producing Party regarding such engagement.

who legally received the information before this case was filed without any breach of confidentiality or legal obligations by any Person.

      f.    A Party who wishes to disclose Confidential, Highly Confidential, or Highly Confidential–Source Code information to a Person not authorized under paragraph 5(b), (c), or (e) must first make a reasonable attempt to obtain the Producer's permission.  If the Party is unable to obtain permission, it may seek such permission from the Court under Local Rule 37-1, et seq..  The Party making such motion shall have the burden of proof as to why the disclosure is necessary.

    6.    <u>Information Designated Highly Confidential–Source Code</u>:

      a.    The Parties have acknowledged that source code is relevant to the issues presented in this case and that special procedures are appropriate to protect the confidentiality of source code.  All information designated as Highly Confidential–Source Code shall be subject to the following provisions:

        i.    To the extent materials defined as Highly Confidential-Source Code are made available for inspection in response to a discovery request, the Producing Party agrees to make any such information available for inspection in native format (to the extent reasonably available) at one of the following locations by agreement of the Parties or, if agreement cannot be reached, at the discretion of the Producing Party: (1) the offices of the Producing Party's Outside Litigation Counsel; or (2) a location in the United States mutually agreed upon by the Receiving Party and Producing Party.  The material designated  Highly Confidential-Source Code will be loaded on to a computer and made available for inspection for a reasonable number of days during normal business hours (9:00 a.m. to 5:00 p.m. on open business days) or at other mutually agreeable times. The computer must be  a non-networked computer that is password protected, made after 2019, has an up-to-date operating system, and with a working mouse or similar input device. A Receiving Party may request, in writing, additional computers for inspecting the material designated Highly Confidential-Source Code, and the Producing Party shall meet and confer about any

such request, and to the extent practicable, reasonably accommodate such requests.

    ii.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the computer in order to access and review the source code. The Producing Party shall install tools that are sufficient for viewing and searching the code produced on the computer. The Producing Party shall promptly install any tools requested by the Receiving Party that are reasonably necessary for reviewing and searching the code produced on the computer. The Receiving Party shall provide any license required for any requested tools.

    iii.  The Receiving Party's Outside Litigation Counsel and/or expert shall be entitled to take notes relating to the Highly Confidential–Source Code. Any notes relating to the Highly Confidential–Source Code will be treated as Highly Confidential–Source Code.

    iv.  The Receiving Party may request paper copies of portions of the source code designated as Highly Confidential-Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 6.a.i in the first instance. The Receiving Party shall be permitted to request print outs of limited portions of the Source Code. The Receiving Party may not request more than fifty (50) pages of a continuous block or five hundred (500) total pages of Source Code from each Producing Party in this litigation without prior written approval by the Producing Party or Order of the Court. Within five (5) business days of receiving a print request from the Receiving Party, the Producing Party will provide a copy of the requested pages bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL–SOURCE CODE" unless objected to as discussed below. The printed pages will be treated and produced in accordance with Section 5(a)(vi) below. The printed pages shall constitute part of the Highly Confidential–Source Code

produced by the Producing Party in this action. The Receiving Party shall make no more than three copies of the printed pages produced to it. Requests for printing continuous blocks of source code exceeding 50 pages or requests for printing over 500 total pages of source code from a Producing Party in this litigation are presumed unreasonable.

v. If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) business days. If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Receiving Party may seek a Court resolution of whether the printed Highly Confidential–Source Code in question is reasonably necessary to any case preparation activity. The Receiving Party shall have the burden of proof as to whether the printed Highly Confidential–Source Code in question is reasonably necessary to any case preparation activity.

vi. The printed portions of source code designated "HIGHLY CONFIDENTIAL–SOURCE CODE" or notes, analyses or descriptions of such paper copies of Highly Confidential–Source Code may be stored and viewed as follows: The Producing Party shall produce paper copies to the Receiving Party to be viewed by: (i) Outside Litigation Counsel for the Receiving Party; (ii) outside experts or consultants who have been approved to access Highly Confidential–Source Code and their staff; (iii) witnesses of the Producing Party during depositions or at trial; or (iv) the Court. Any such paper copies shall be maintained at all times in a locked and secure location, except while in transit or being reviewed consistent with this paragraph. Printed copies of Highly Confidential–Source Code shall not be converted to electronic form by the Receiving Party and may not be scanned using optical character recognition ("OCR"), except as may be necessary for use in Court filings proceedings or expert reports.

vii. A list of names of persons who will view the Highly Confidential–Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.

viii. Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's Outside Litigation Counsel and/or experts shall remove all notes, documents, and all other materials from the room referenced in paragraph 6.a.i that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

ix. The Receiving Party will not copy, email, transmit, upload, download, photograph, remove, or otherwise transfer any portion of the Highly Confidential–Source Code from the Highly Confidential–Source Code computer including, without limitation, copying, removing, or transferring any portion of the Highly Confidential–Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any portion of the Highly Confidential–Source Code in any way from the location of the Highly Confidential–Source Code inspection.

x. The Receiving Party's Outside Litigation Counsel, its experts and any other Person reviewing Highly Confidential–Source Code on behalf of the Reviewing Party shall be entitled to take notes relating to the Highly Confidential–Source Code, including notes identifying file paths, names, line numbers, class, method, function, and variable names, but shall not copy any portion of the Highly Confidential–Source Code into notes. No copies of all or any portion of the Highly Confidential–Source Code shall leave the room in which the Highly Confidential–Source Code is inspected except as otherwise provided herein. No other written or electronic record of the Highly Confidential–Source Code is permitted except as otherwise provided herein.

/ / /

     xi. A Receiving Party's Outside Litigation Counsel, its experts, and any other Person reviewing Highly Confidential-Source Code on behalf of a Receiving Party may use computing devices, such as a laptop or tablet, to take notes during the review.  However, no recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, USB memory devices, CDs, DVDs, or drives of any kind, shall be permitted to record any portion of the Highly Confidential–Source Code made available for review. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code pursuant to the limitations in this Order. The Producing Party may not view or make a record of the actual information or documents the Receiving Party's representatives choose to view, nor any notes that the Receiving Party's representatives prepare, all of which shall be deemed privileged and protected work product of the Receiving Party.

   b. Only the following individuals shall have access to Highly Confidential–Source Code materials, absent the express written consent of the Producing Party or further court order:

     i. Outside Litigation Counsel, including any attorneys, paralegals, technology specialists, and clerical employees of their respective law firms;

     ii. Outside experts or consultants, pre-approved in accordance with Paragraphs 5(d) and specifically identified as eligible to access Highly Confidential–Source Code (by executing the required undertaking, attached as Appendix 1) and their staff;

     iii. The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Highly Confidential–Source Code.  Copies of

Highly Confidential–Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

    iv.  While testifying at deposition or trial in this action only: (i) any current officer or director of the Producing Party or original source of the information; (ii) any Person designated by the Producing Party to provide testimony with respect to the Highly Confidential–Source Code pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any Person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, reviewing, or editing the Highly Confidential–Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Highly Confidential–Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Highly Confidential–Source Code except while so testifying.

    c.  To the extent portions of Highly Confidential–Source Code are quoted in a Highly Confidential–Source Code document, either (1) the entire document will be stamped and treated as Highly Confidential–Source Code or (2) those pages containing quoted Highly Confidential–Source Code will be separately bound, and stamped and treated as Highly Confidential–Source Code.

    d.  All copies of any portion of the Highly Confidential–Source Code shall be returned to the Producing Party or destroyed if they are no longer in use. Copies of Highly Confidential–Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

    e.  Access to and review of the Highly Confidential–Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No Person shall review or analyze any Highly Confidential–Source Code for purposes unrelated to this case, nor may any Person use any

knowledge gained as a result of reviewing Highly Confidential–Source Code in this case in any other pending or future dispute, proceeding, or litigation.**

       7.     <u>Disclosure and Use of Designated Material</u>.

          a.     No Party or Person shall disclose Designated Material to any Person who is not authorized for such access under this Order, but this Order does not authorize any Party or Person to disobey any lawful process, directive, or order from any other Court or authority requiring the production of Designated Material. If any Party receives a lawful process, directive, or order requesting another Party's Designated Material, that Party shall immediately notify the Designating Party of the process, directive, or order to permit the Designating Party to contest the process, directive, or order and/or seek a protective order. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Designated Materials. However, nothing shall prevent the Parties from agreeing to allow additional individuals to receive any Designated Material who would not otherwise be permitted to receive the information under the terms of this Order, provided that such agreement is stated in writing. Any such agreement by the Parties shall not waive or destroy the confidentiality designation of the Designated Materials as to any other Person or Party nor otherwise modify the terms of this Order.

          b.     Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another party may present Designated Materials at a hearing or trial shall bring that issue to the Court's and the Parties' attention by motion or in a pretrial memorandum without disclosing the Designated Materials. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. The use of any Designated Material at any hearing or trial in this Action does not waive or forfeit the designation of any Designated Material nor affects in any way the admissibility of any document, testimony, or other evidence at any hearing or trial in this Action.

      c.    Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition or hearing provided that the use of any Designated Material during a deposition complies with the terms and conditions of this Order.

      d.    Unless otherwise ordered by the Court, no Party may withhold information from discovery on the ground that it requires a confidentiality protection greater than that afforded by this Order. Nothing herein shall affect, impede or waive the right of a Party to withhold information on privilege grounds or any other properly asserted objection.

8.    <u>Inadvertent Disclosure</u>: Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity "privileged material." If a Party inadvertently or mistakenly produces privileged material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege, work-product immunity, protection pursuant to the joint defense or common interest doctrine, or any other applicable privilege for the inadvertently produced document or any other document covering the same or a similar subject matter under applicable law, including Federal Rule of Evidence 502. When a Producing Party gives written notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

9.    <u>Filing with the Court</u>:

      a.    This Order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A Person or Party wishing to file under seal a document containing Confidential, Highly Confidential, or Highly Confidential–Source Code information must move the Court, consistent with Local Rule 79-5, et. seq. and prior to the due date for the filing

including the document to be filed under seal, for permission to file the document under seal. If a Person or Party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that redacts any Confidential, Highly Confidential, or Highly Confidential–Source Code information.

    b. If a Party wishes to file in the public record a document that another Producer has designated as Confidential or Highly Confidential, the Party must advise the Producer of the document no later than five business days before the document is due to be filed, and unless the Producing Party expressly agrees that the information can be publicly filed, the Party who wishes to file a document with information designated Confidential or Highly Confidential must follow all court procedures to file the document under seal pursuant to Local Rule 79-5, et seq..

  10. <u>Non-Party Material</u>:  The terms of this Order are applicable to information produced by a non-Party in this action and designated as "Confidential," "Highly Confidential" or "Highly Confidential–Source Code." Such information produced by non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in this Order should be construed as prohibiting a non-Party from seeking additional protections.

  11. <u>Document Disposal</u>: Within sixty (60) days after either final judgment in this Action, including the exhaustion of all appeals, or the execution of any settlement agreement between the Parties , each Party must return to the Producer or destroy all documents and copies of documents containing the Producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential, Highly Confidential, or Highly Confidential–Source Code information. The Party returning and/or destroying the Producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, Outside Litigation Counsel for each Party may retain one complete set of all documents filed with the Court, correspondence, transcripts,

discovery responses, legal memoranda, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain or reflect Designated Material under this protective order, provided that such copies are maintained and protected in accordance with the terms of this Order.

12. <u>Binding</u>: This Order shall be binding upon the Parties, their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, attorneys, retained consultants and experts, and any Persons over which they have direct control.

13. <u>No Prior Judicial Determination:</u> This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or Designated Material by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. <u>Action by the Court</u>: Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

15. <u>Right to Further Relief:</u>  Nothing in this Order abridges the right of any Person to seek its modification by the court in the future

16. <u>Survival of Obligations</u>: This Order's obligations regarding Confidential, Highly Confidential, and Highly Confidential-Source Code information survive the conclusion of this case.

   August 22, 2023  
Date

JOHN D. EARLY  
United States Magistrate Judge

# Appendix 1

# UNDERTAKING OF [insert name]

I, [insert person's name], state the following under penalties of perjury as provided by law:

I have been retained by [insert party's name] as an expert or consultant in connection with this case.  I will be receiving Confidential [and Highly Confidential]/[, Highly Confidential, and Highly Confidential–Source Code] information that is covered by the Court's protective order dated [fill in date] ("Protective Order").  I have read the Protective Order and understand that the Confidential [and Highly Confidential]/[, Highly Confidential, and Highly Confidential–Source Code] information is provided pursuant to the terms and conditions in that Protective Order.

I agree to be bound by all provisions of the Protective Order.  I agree to use the Confidential [and Highly Confidential]/[, Highly Confidential, and Highly Confidential–Source Code] information solely for purposes of this case.  I understand that neither the Confidential [and Highly Confidential]/[, Highly Confidential, and Highly Confidential–Source Code] information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order.  I agree to return the Confidential [and Highly Confidential]/[, Highly Confidential, and Highly Confidential–Source Code] information and any notes concerning that information to the attorney for [insert name of retaining party] or to destroy the information and any notes at that attorney's request pursuant to the obligations of the Protective Order.

I submit to the jurisdiction of this Court for the purpose of enforcing the Protective Order.  I waive and forfeit any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
(signature)